ILND 44 (Rev. 09/07/18)

# CIVIL COVER SHEET

The ILND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(See instructions on next page of this form.)*

## I. (a) PLAINTIFFS

LARRY WADE

**(b)** County of Residence of First Listed Plaintiff  Cook County
*(Except in U.S. plaintiff cases)*

**(c)** Attorneys *(firm name, address, and telephone number)*

William Kingston (McGuire Law, P.C., 55 W. Wacker Drive, 9th Floor, Chicago IL, 60601; 312-894-7002 ext. 6)

## DEFENDANTS

Alltran Education, Inc.

County of Residence of First Listed Defendant   Cook County
*(In U.S. plaintiff cases only)*
Note: In land condemnation cases, use the location of the tract of land involved.

Attorneys *(if known)*

## II. BASIS OF JURISDICTION *(Check one box, only.)*

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question *(U.S. Government not a party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate citizenship of parties in Item III.)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(For Diversity Cases Only.)*

*(Check one box, only for plaintiff and one box for defendant.)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Check one box, only.)*

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury – Medical Malpractice

PERSONAL INJURY
- [ ] 530 General
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
- [ ] 510 Motions to Vacate Sentence
  - 530 General
- [ ] 535 Death Penalty

Habeas Corpus:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee – Conditions of Confinement

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent – Abbreviated New Drug Application
- [ ] 840 Trademark

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729 (a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [x] 485 Telephone Consumer Protection Act (TCPA)
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 463 Habeas Corpus - Alien Detainee (Prisoner Petition)
- [ ] 465 Other Immigration Actions

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

## V. ORIGIN *(Check one box, only.)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation
- [ ] 8 Multidistrict Litigation Direct File

## VI. CAUSE OF ACTION *(Enter U.S. Civil Statute under which you are filing and write a brief statement of cause.)*

TCPA- called parties which revoked or never gave consent

## VII. PREVIOUS BANKRUPTCY MATTERS *(For nature of suit 422 and 423, enter the case number and judge for any associated bankruptcy matter previously adjudicated by a judge of this Court. Use a separate attachment if necessary.)*

## VIII. REQUESTED IN COMPLAINT:

[x] Check if this is a **class action** Under rule 23,  Demand $ 5,000,000

Check Yes only if demanded in complaint.
Jury Demand:  [x] Yes  [ ] No

## IX. RELATED CASE(S) IF ANY *(See instructions)*

Judge _____   Case Number _____

**X. Is this a previously dismissed or remanded case?**  [ ] Yes  [x] No  If yes, Case # _____   Name of Judge _____

Date  12/11/2019

Signature of attorney of record  William Kingston

**INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44**

Authority for Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**    **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

    **(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

    **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; NOTE: federal question actions take precedence over diversity cases.)

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**    **Origin.** Place an "X" in one of the six boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. Do not cite jurisdictional statutes unless diversity. Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**    **Previous Bankruptcy Matters** For nature of suit 422 and 423 enter the case number and judge for any associated bankruptcy matter previously adjudicated by a judge of this court. Use a separate attachment if necessary.

**VIII.**    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P. Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**IX.**    **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**X.**    **Refiling Information.** Place an "X" in the Yes box if the case is being refiled or if it is a remanded case, and indicate the case number and name of judge. If this case is not being refiled or has not been remanded, place an "X" in the No box.

    **Date and Attorney Signature.** Date and sign the civil cover sheet.

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| LARRY WADE, individually and on behalf of similarly situated individuals, ) ) ) | |
| *Plaintiff*, ) ) | No. |
| v. ) ) | Hon. |
| ALLTRAN EDUCATION, INC., an Illinois corporation, ) ) ) | |
| *Defendant.* ) ) ) | |

## COMPLAINT

Plaintiff Larry Wade, individually and on behalf of other similarly situated individuals, brings this class action complaint against Defendant Alltran Education, Inc. ("Alltran" or "Defendant") to stop Defendant's practice of placing unauthorized telephone calls to consumers, and to obtain redress for all persons injured by its conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences and, as to all other matters, upon information and belief including investigation conducted by his attorneys.

## INTRODUCTION

1.      The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and its implementing regulations, 47 C.F.R. § 64.1200, *et seq.*, allow companies to make automated calls featuring an automatic telephone dialing system ("ATDS") or artificial or prerecorded voice to cellular telephones so long as they have the prior express consent of the called party. However, the TCPA prohibits companies like Alltran from making such automated calls where they do not have valid consent to make such calls and when the called party has clearly revoked any consent to receive such calls.

1

2.     Alltran violated federal law by making unauthorized, automated debt collection phone calls using an ATDS to the cellphones of consumers throughout the nation who no longer owed the debt being collected and/or had revoked any consent to receive such calls.

3.     By effectuating these unauthorized robocalls, Defendant has violated the called parties' statutory rights, privacy rights, and their property rights in their cellphones. Plaintiff and the other called parties have suffered actual, concrete harm, not only because the called parties were subjected to the aggravation and invasion of privacy that necessarily accompanies robocalls – particularly robocalls made after specifically instructions to stop placing them – but also because the called parties, like Plaintiff, frequently have to pay their cellular phone providers for the receipt of such calls, notwithstanding the fact that the calls violate federal law.

4.     In order to redress these injuries, Plaintiff, on behalf of himself and two nationwide Classes, brings this suit under the TCPA, which protects the privacy rights of consumers and the right to be free from receiving unsolicited automated calls on their cellphones.

5.     On behalf of the Classes, Plaintiff seeks an injunction requiring Alltran to cease the transmission of all unauthorized automated voice calls to cellphones, and an award of statutory damages to the members of the Classes, together with costs and attorneys' fees.

**PARTIES**

6.     Plaintiff is a resident and citizen of the state of Illinois and has at all times relevant to this suit resided in this District.

7.     Defendant Alltran is a collections agency that makes collections calls for businesses throughout the United States. Alltran is an Illinois corporation with its principal place of business located in this District.

2

## JURISDICTION AND VENUE

8.      This court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227.

9.      Venue is proper in this court pursuant to 28 U.S.C. § 1391 (b)(1) because the Plaintiff resides in the Northern District of Illinois and because a substantial part of the events concerning the conduct at issue occurred in this District, as the unauthorized calls were received by Plaintiff in this District and were made by Defendant from this District.

## COMMON ALLEGATIONS OF FACT

10.     Defendant Alltran contracts with businesses throughout the country to provide a number of different services, including operating a large debt collection calling operation.

11.     As part of its debt collection call services, Defendant regularly makes automated debt collection calls on behalf of its customers.

12.     However, Alltran makes such automated debt collection in error attempting to collect on a debt that is no longer valid and has been paid.

13.     Further compounding the problem, even though the TCPA provides consumers the right to revoke consent to receive automated calls on their cell phones, Alltran often fails to honor such requests and continues to place automated calls.

14.     Adding insult to injury, the recipients of these unauthorized calls are not only annoyed and frustrated, they are also forced to bear the costs of receiving these unsolicited and unauthorized calls.

3

15.     For example, on multiple occasions, beginning sometime in September 2019, Plaintiff began to receive phone calls from (815) 516-5808—a phone number associated with Defendant's debt collection operation.

16.     Whenever Plaintiff would answer one of Defendant's phone calls, he would be automatically connected to one of Defendant's representatives who would eventually come on the line and inform Plaintiff that they were calling to collect a debt.

17.     However, Plaintiff has already paid the debt which Defendant is attempting to collect years ago and has repeatedly asked each time he receives a call from Defendant that Defendant stop placing any further debt collection calls.

18.     Indeed, Plaintiff has even called Defendant himself to request that the calls stop.

19.     Despite Plaintiff's repeated requests that Defendant stop placing any further calls, Defendant has continued to place the unauthorized automated debt collection calls.

20.     Upon information and belief, Defendant places the debt collections at issue, including the calls made to Plaintiff, *en masse* using an ATDS. Indeed, not only is there a delay before a call agent comes on the line, indicating that an automated system is dialing phone numbers at random until someone answers a call, but any calls placed to the (815) 516-5808 are automatically connected to a pre-recorded voice message that states, "Thank you for calling Alltran Education . . ." The fact that Defendant has been unable to stop the calls from continuing further evidences the automated nature of the calls at issue.

## CLASS ALLEGATIONS

21.     Plaintiff brings this action on behalf of himself and the following Classes defined as:

4

(a) Invalid Debt Class: All persons in the United States and its territories who, within four years prior to the commencement of this litigation, received one or more automated telephone calls from Defendant on their cellular telephone attempting to collect on a debt which had already been paid.

(b) Revocation Class: All persons in the United States and its territories who, within four years prior to the commencement of this litigation, received one or more automated telephone calls from Defendant on their cellular telephone after communicating to Defendant, as shown in Defendant's records, that Defendant did not have consent to make any such calls to that number.

22.     Upon information and belief, there are over 1,000 members of the Classes such that joinder of all members is impracticable.

23.     Absent a class action, most members of the Classes would find the cost of litigating their claims to be prohibitive and would have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication

24.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the Classes. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Classes.

25.     Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Classes, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes.

26.     The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Classes are the same, resulting in injury to Plaintiff and to all of the other members of the Classes. Plaintiff and the other members of the Classes have all suffered harm and damages as a result of Defendant's unlawful and wrongful conduct. There are many questions of law and fact common to the claims of Plaintiff and the other members of the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not limited to, the following:

    a.      Did Alltran and/or its agents place debt collection calls using an ATDS to cellular phones to collect on a debt that had already been paid?

    b.      Did Alltran and/or its agents systematically continue place calls using an ATDS to the cellular phones of persons who previously communicated to Alltran and/or its agents that they did not consent to receive such calls?

    c.      Did the unauthorized calls made by Alltran violate the TCPA?

    d.      Was Alltran's conduct in violation of the TCPA willful such that the members of the Class are entitled to treble damages?

    e.      Should Alltran be enjoined from continuing to engage in such conduct?

**COUNT I**
**Violation of the Telephone Consumer Protection Act (47 U.S.C. 227, et seq.)**
**on behalf of the Classes**

27.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

28.     Alltran made unsolicited and unauthorized debt collection calls using an ATDS to the cellphone numbers of Plaintiff and the other members of the Invalid Debt Class.

6

29.     Alltran also made unsolicited and unauthorized telephone calls using an ATDS or to the cellphone numbers of Plaintiff and the other members of the Revocation Class after receiving a communication requesting not to receive any subsequent such calls.

30.     The hardware and software utilized by Alltran to place the unauthorized calls received by Plaintiff and the other members of the Classes had the capacity, at the time the calls were placed, to automatically dial randomly or sequentially generated numbers, as well as to automatically dial lists of telephone numbers.

31.     Alltran has, therefore, violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), and its implementing regulations, 47 C.F.R. § 64.1200, *et seq.*

32.     As a result of Alltran's illegal conduct, the members of the Classes have had their privacy rights violated, have suffered actual and statutory damages, and under § 227(b)(3)(B) are each entitled, *inter alia*, to a minimum of $500.00 in damages for each such violation of the TCPA.

33.     To the extent that Alltran's misconduct was willful and knowing, the Court should, pursuant to § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Revocation Class.

WHEREFORE, Plaintiff, on behalf of himself and the Classes, prays for the following relief:

1.     An order certifying the Classes defined above;

2.     An award of actual or statutory damages in an amount to be determined at trial;

3.     An injunction requiring Defendant to cease all unauthorized automated telephone activities;

4.     An award of reasonable attorneys' fees and costs; and

5.     Such further and other relief as the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: December 1, 2019

LARRY WADE, individually and on behalf of a class of similarly situated individuals

By: /s/ *William P.N. Kingston*
One of Plaintiff's attorneys

Eugene Turin
William P.N. Kingston
MCGUIRE LAW, P.C. (#56618)
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
eturin@mcgpc.com
wkingston@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*